# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**NESTOR OURANITSAS, GENE KIRSCHBAUM and MICKALE CARTER,**

       **Plaintiffs,**

**v.**              **Case No: 6:23-cv-511-PGB-EJK**

**TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, CASSANDRA HARRIS and MARIELA MATUTE,**

       **Defendants.**
_____/

## ORDER

   This cause is before the Court on Defendant Tupperware Brands Corporation's Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings (Doc. 57), filed September 20, 2024.

   Defendant Tupperware Brands Corporation advises that it has filed for bankruptcy protection under the United States Bankruptcy Code. Ordinarily, the Court would stay all proceedings as to Defendant Tupperware Brands Corporation only.[1] *See* 11 U.S.C. § 362(a). However, upon a *sua sponte* review of the file, it

---

[1] Bankruptcy stays generally do not apply to third parties, including co-defendants or plaintiffs in the suit, but instead apply to the debtor and its property. *See Teachers Ins. & Annuity Ass'n v. Butler*, 803 F.2d 61, 65 (2d Cir. 1986) (noting "it is well-established that stays pursuant to § 362(a) are limited to debtors and do not encompass non-bankrupt co-defendants" absent unusual circumstances).

appears to the Court that a stay of the entire case is warranted. *See In re Jefferson County*, 491 B.R. 277, 284–95 (Bankr. N.D. Ala. 2013) (collecting cases) ("[C]ourts have recognized that certain 'unusual circumstances' warrant applying the § 362(a)(1) stay to proceedings against a non-debtor defendant where such an application furthers the purposes behind the stay.").[2]

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This case is hereby **STAYED** in light of Defendant Tupperware Brands Corporation's Notice of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings. (Doc. 57). The Clerk of Court is **DIRECTED** to administratively close the file.

2. Defendant Tupperware Brands Corporation shall notify the Court regarding the status of the relevant bankruptcy proceedings every 120 days hereafter or upon the occurrence of any event which results in the lifting or termination of the automatic stay.

3. If Plaintiffs oppose a stay of the case in its entirety, Plaintiffs may file a motion indicating whether the case can and should proceed against Defendants Miguel Fernandez, Cassandra Harris, and Mariela Matute (collectively, the "**non-debtor Defendants**"). Plaintiffs may file

---

[2] Such unusual circumstances have been found (1) when an indemnification or contribution relationship creates an identity of interests between the debtor and the non-debtor defendant; (2) when the proceeding imposes a substantial burden of discovery on the debtor; or (3) when the proceeding would have a potential preclusive effect that forces the debtor to participate in the proceeding as if the debtor were a party.

*See In re Jefferson County*, 491 B.R. at 284.

such a motion, limited to seven (7) pages, on or before October 8, 2024. Defendants may file a response thereto, limited to seven (7) pages, on or before October 22, 2024.

**DONE AND ORDERED** in Orlando, Florida on September 24, 2024.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties