# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |
|---|---|
| NESTOR OURANITSAS, Individually and on behalf of all others similarly situated, | Case 6:23-cv-00511-PGB-EJK |
| Plaintiff, | CLASS ACTION |
| v. |  |
| TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, CASSANDRA HARRIS, and MARIELA MATUTE, |  |
| Defendants. |  |

## MOTION FOR A 30 DAY STAY OF PROCEEDINGS WHILE THE CHAPTER 11 BANKRUPTCY DISMISSAL MOTION IS DECIDED

Lead Plaintiffs Gene Kirschbaum and Mickale Carter ("Lead Plaintiffs") by and through their undersigned counsel, respectfully request that the Court postpone a response to the Court's Order at ECF 58 for 30 days while a related bankruptcy proceeding is litigated to dismiss Tupperware Brands Corp.'s Chapter 11 bankruptcy petition. During this 30-day period, Lead Plaintiffs agree to stay the case as to Defendant Tupperware Brands Corp. and Non-Debtor Defendants Fernandez, Harris, and Matute.

This course of action is consistent with what Tupperware Brands Corp., Fernandez, and Harris jointly stipulated to in another pending securities class action

*Edge v. Tupperware Brands Corp., Miguel Fenandez, and Cassandar Harris*, 6:22-cv-01518-RBD-LHP at ECF No. 133 (M.D. Fla. Oct. 7, 2024) (Exhibit A). There, the parties proposed an extension to address the automatic stay issue for non-debtors. The reasons given were to learn the result for an October 17, 2024 hearing about whether Tupperware Brands Corp.'s Chapter 11 filing will be converted or dismissed, as well as time for proceedings to establish that proceeds from directors' and officers' liability insurance policies are available to indemnify Fernandez and Harris. Defendants' counsel also noted that Tupperware Brands Corp. is not permitted to advance defense costs for officers and directors without authorization from the bankruptcy court. *Id.* n.1.

How issues concerning the validity of the Chapter 11 petition, indemnity, and insurance property are resolved bears on the "unusual circumstances" analysis for extending the automatic stay to the Non-Debtor Defendants. Accordingly, Lead Plaintiffs request a 30 day stay of this action while the issues are determined in Delaware Bankruptcy Court.

DATED:  October 8, 2024

Respectfully submitted,

*Yaniv Adar, Esq.*

_____
Yaniv Adar
Florida Bar No. 63804
yaniv@markmigdal.com
Etan Mark
Florida Bar No. 720852
etan@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130

2

Telephone: (305) 374-0440

*Liaison Counsel for Lead Plaintiffs and*
*Lead Counsel for the Proposed Class*

**BERNSTEIN LIEBHARD LLP**
Michael S. Bigin
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Bigin@bernlieb.com

*Counsel for Lead Plaintiffs and Lead*
*Counsel for the Proposed Class*

## Local Rule 3.01(g) Certification

Pursuant to Local Rule 3.01(g)(3), the undersigned notes that it was unable to confer with opposing counsel prior to the filing of the Motion but will, promptly after either receiving opposing counsel's position or expiration of three days, will supplement the motion with a statement certifying whether the parties have resolved all or part of the motion.

*/s/ Yaniv Adar, Esq.*
Yaniv Adar

## CERTIFICATE OF SERVICE

I hereby certify that on October 8, 2024, a true and accurate copy of the above document was electronically filed with the Clerk of the Court by using the CM/ECF system which will send Notice of Electronic Filing to all counsel of record.

*/s/ Yaniv Adar, Esq.*
Yaniv Adar

3