**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |  |
|---|---|---|
| NESTOR OURANITSAS, | ) ) ) | |
| Plaintiff, | ) ) | Case No: 6:23-cv-511-PGB-RMN |
| vs. | ) ) | |
| TUPPERWARE BRANDS CORPORATION, MIGUEL FERNANDEZ, CASSANDRA HARRIS, AND MARIELA MATUTE | ) ) ) ) ) ) | |
| Defendants. | ) ) ) | |

**UNOPPOSED MOTION TO STAY CASE MANAGEMENT ORDER**

Pursuant to the Court's October 7, 2025 Order (ECF 72) and Local Rule 3.02, Court-appointed Lead Plaintiff Gene Kirschbaum and Mickale Carter ("Lead Plaintiffs") and Defendants Miguel Fernandez, Cassandra Harris, and Mariela Matute (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties"), by and through their respective counsel, hereby move the Court for an Order staying the filing of a case management schedule and relieving the parties from the requirements of Local Rule 3.02.

**I.      PROCEDURAL HISTORY**

On March 20, 2023, Nestor Ouranitsas filed a putative class action complaint in the United States District Court for the Middle District of Florida alleging violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange

1

Act"), 15 U.S.C. §§ 78j(b) and 78t(a), and SEC Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). (ECF 1.) On May 19, 2023, Lead Plaintiffs filed a motion seeking appointment as Lead Plaintiffs pursuant to the PSLRA. (ECF 26.) On June 2, 2023, Lead Plaintiffs filed a memorandum of law in further support of their motion seeking appoint as Lead Plaintiffs. (ECF 36.) On June 5, 2023, the Court entered an Order appointing Gene Kirschbaum and Mickale Carter as Lead Plaintiffs and appointing Bernstein Liebhard LLP as Lead Counsel and Mark Migdal & Hayden as Liaison Counsel for the proposed class. (ECF 37.)

On March 13, 2024, Defendants filed their Motion to Dismiss Plaintiffs' First Amended Complaint (the "Motion to Dismiss"). (ECF 53.) Plaintiffs filed their opposition on May 13, 2024. (ECF 55.) Defendants filed their reply on June 12, 2024. (ECF 56.) While Defendants' Motion to Dismiss was pending, then-Defendant Tupperware Brands Corporation ("Tupperware") filed a Notion of Suggestion of Pendency of Bankruptcy and Automatic Stay of Proceedings on September 20, 2024. (ECF 57.) On September 24, 2024, the Court issued an Order staying this case and administratively closing the file. (ECF 58.)

On September 19, 2025, Tupperware submitted a report to the Court of the status of its pending bankruptcy proceedings and informing the Court that the claims in this Action are extinguished as to Tupperware due to the conditions precedent of the Chapter 11 Plan in the bankruptcy proceedings. (ECF 67). The parties stipulated to Tupperware's dismissal, and the Court ordered the dismissal of Tupperware from

this case on October 6, 2025. (ECF 70.) Subsequently, the Court directed the Clerk of Court to re-open the pending motion to dismiss. (ECF 71.) On October 7, 2025, the Court issued an Order directing the Parties to file a Case Management Report. (ECF 72.)

## II.    ARGUMENT

The PSLRA has established several procedures regulating the early stages of securities fraud class action lawsuits such as this. 15 U.S.C. § 78u-4(a)(3)(A)-(B). The PSLRA imposes a stay of discovery pending resolution of any motion to dismiss brought pursuant to Rule 12 of the Federal Rules of Civil Procedure. *See* 15 U.S.C. § 78u-4(b)(3)(B) ("[A]ll discovery and other proceedings shall be stayed during the pendency of any motion to dismiss."). Because all discovery is stayed pending the resolution of Defendants' Motion to Dismiss, the parties are not permitted to conduct discovery, including making the disclosures required under the Local Rules and Fed. R. Civ. P. 26.2. As such, the Parties request that the Court relieve them from the requirements of Local Rule 3.02 and stay the filing of a case management schedule.

## III.    CONCLUSION

For all the foregoing reasons, the Parties respectfully request that the Court enter an order staying the filing of a case management schedule and relieving the parties from the requirements of Local Rule 3.02 until ruling on Defendants' Motion to Dismiss.

Dated:  October 21, 2025

By: */s/ Michael S. Bigin*
Michael S. Bigin
**BERNSTEIN LIEBHARD LLP**
10 East 40th Street
New York, NY 10016
Telephone: (212) 779-1414
Facsimile: (212) 779-3218
Bigin@bernlieb.com

*Counsel for Lead Plaintiffs and Lead
Counsel for the Proposed Class*

Yaniv Adar
Florida Bar No. 63804
yaniv@markmigdal.com
Etan Mark
Florida Bar No. 720852
etan@markmigdal.com
**MARK MIGDAL & HAYDEN**
80 S.W. 8th Street, Suite 1999
Miami, Florida 33130
Telephone: (305) 374-0440

*Liaison Counsel for Lead Plaintiffs and
Lead Counsel for the Proposed Class*

Respectfully submitted,

By: */s/ Ian M. Ross*
Ian M. Ross (Bar No. 091214)
**SIDLEY AUSTIN LLP**
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Telephone: (305) 391-5100
Email: iross@sidley.com

James W. Ducayet (IL Bar No. 6236997)
**SIDLEY AUSTIN LLP**
One South Dearborn Street
Chicago, IL 60603
Telephone: (312) 853-7000
Email: jducayet@sidley.com

*Counsel for Defendants*

## <u>LOCAL RULE 3.01(G) CERTIFICATION</u>

Pursuant to Local Rule 3.01(g), counsel for Defendants conferred with counsel

for Lead Plaintiffs before filing this motion, and Defendants join in the requested relief.

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2025, I electronically filed the foregoing document using the CM/ECF system, which will send notice of this filing to all counsel of record.

_/s/ Ian M. Ross_
Ian M. Ross