# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**NESTOR OURANITSAS, GENE KIRSCHBAUM and MICKALE CARTER,**

    **Plaintiffs,**

v.                                                                                         Case No: 6:23-cv-511-PGB-RMN

**MIGUEL FERNANDEZ, CASSANDRA HARRIS and MARIELA MATUTE,**

    **Defendants.**

_____/

## ORDER

This cause is before the Court on Defendants Miguel Fernandez, Cassandra Harris, and Mariela Matute's (collectively, the "**Defendants**") Unopposed Motion to Stay Case Management Order (Doc. 74 (the "**Motion**")), filed October 21, 2025. Plaintiffs Gene Kirschbaum and Mickale Carter (collectively, the "**Lead Plaintiffs**")[1] joined in filing Defendants' Motion.

After receiving a status report from former Defendant Tupperware Brands Corporation ("**Defendant Tupperware**"), the Court lifted its stay on the present action as Lead Plaintiffs' claims against Defendant Tupperware had been

---

[1] Although the case caption names Plaintiff Nestor Ouranitsas in addition to Lead Plaintiffs, Lead Plaintiffs were appointed by the Court on June 5, 2023 to serve as the lead plaintiffs in this class action suit. (*See* Doc. 37). Notably, Plaintiff Nestor Ouranitsas never moved to be appointed as a lead plaintiff in this action. (*Id.* at p. 4).

extinguished by the Bankruptcy Court's approval of a Chapter 11 Plan. (*See* Doc. 67; Doc. 68, p. 2). Thereafter, the parties filed a Joint Stipulation of Dismissal, and the Court dismissed Defendant Tupperware from the action without prejudice on October 6, 2025. (Docs. 69, 70).

Additionally, on October 6, 2025, the Court directed Lead Plaintiffs and Defendants to file a case management report. (Doc. 72 (the "**Order Concerning Case Management**")). In response, the parties filed the instant Motion. (Doc. 74). Therein, the parties request that the Court stay the parties' obligation to file a case management report and, further, relieve the parties from the requirements of Local Rule 3.02 until the Court rules on Defendants' Motion to Dismiss (Doc. 53 (the "**Motion to Dismiss**")). (*Id.* at p. 3). The parties assert that because the case was brought under the Private Securities Litigation Reform Act of 1995 (the "**PLSRA**") the procedural requirements are different than those contained in the Local Rules. (*Id.* at pp. 2–3). According to the parties, 15 U.S.C. § 78u-4 governs the procedures of securities fraud class actions, like the present action, brought against defendants for violations of the PLSRA. (*Id.*; *see also* Docs. 1, 48). Under 15 U.S.C. § 78u-4(b)(3)(B), "discovery and other proceedings [in securities fraud actions] shall be stayed during the pendency of any motion to dismiss."

Because the present case is a securities fraud class action and the Motion to Dismiss is currently pending before the Court, the Court finds good cause to stay the parties' obligation to file their case management report as directed in the Order Concerning Case Management. Further, pursuant to 15 U.S.C. § 78u-4(b)(3)(B),

the Court finds that all discovery in the present action should be stayed until the Court rules on the Defendants' Motion to Dismiss.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Unopposed Motion to Stay Case Management Order (Doc. 74) is **GRANTED**.

2. Discovery in the case is hereby **STAYED** in light of the pending Motion to Dismiss. (Doc. 53). As such, the parties' duty to file a Case Management Report is also **STAYED**.

3. The Clerk of Court is **DIRECTED** to administratively close the file. However, Defendants' Motion to Dismiss (Doc. 53) shall remain pending.

4. Upon the Court's resolution of the pending Motion to Dismiss, the stay on discovery shall be lifted and the requirements of Local Rule 3.02 shall be reinstated.

**DONE AND ORDERED** in Orlando, Florida on October 23, 2025.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties